**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **LEROY ESPINOZA, Individually and For Others Similarly Situated,** <br>                 **Plaintiff,** <br><br> v. <br><br> **EXCEL STAFFING COMPANIES, LLC.** <br>                 **Defendant.** | Case No. 1:22-cv-00670 <br><br> **JURY TRIAL DEMANDED** <br><br> **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** <br><br> **CLASS ACTION PURSUANT TO FED R. CIV. P. 23** |

**ORIGINAL CIVIL CLASS AND COLLECTIVE ACTION COMPLAINT**

**I.    SUMMARY**

1. Plaintiff Leroy Espinoza (Espinoza or Plaintiff) brings this lawsuit individually and on behalf of all current and former employees (the Putative Class Members) who worked for Defendant Excel Staffing Companies, LLC (ESCL) and were paid straight time for overtime – that is, paid the same hourly rate for all hours worked each week, including those over 40.

2. Plaintiff brings this action to recover unpaid overtime wages and other damages from ESCL under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* (FLSA), and the New Mexico Minimum Wage Act, N.M.S.A §§ 50-4-19 *et. seq* (NMMWA).

3. This lawsuit includes a Rule 23 class action pursuant to the laws of New Mexico to recover unpaid wages, overtime compensation, and other applicable penalties.

4. Plaintiff and the Putative Class Members worked for ESCL.

5. Plaintiff and the Putative Class Members regularly worked for ESCL in excess of forty (40) hours each week.

6. But ESCL did not pay them overtime of at least one and one-half their regular rates ("full overtime") for all hours worked in excess of forty (40) hours per workweek.

7. Instead of paying overtime as required by the FLSA and NMMWA, ESCL paid Plaintiff and the Putative Class Members the same hourly rate for all hours worked, including those in excess of 40 in a workweek (paid "straight time for overtime"). This practice violates the overtime requirements of the FLSA and NMMWA. *See* 29 U.S.C. § 207; N.M.S.A §§ 50-4-19 *et. seq.*

8. ESCL's decision not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith. Rather, ESCL knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

9. Plaintiff and the Putative Class Members therefor seeks to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. §216(b) and under the NMMWA as a class action pursuant to Fed. R. Civ. P. 23

## II.  JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

10. This Court has personal jurisdiction over ESCL because ESCL is headquartered in this District and conducts business in this District.

11. Discretionary supplemental jurisdiction of Plaintiff's state law claims is provided by 28 U.S.C. § 1367(a); the state law claims form part of the same case or controversy and derive from the common nucleus of operative facts on which Jackson's federal claims are based.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### III. THE PARTIES

13. Plaintiff is presently and was at all relevant times a citizen and resident of La Mesilla, Rio Arriba County, New Mexico.

14. Plaintiff worked for ESCL from approximately March 2021 until approximately April 2022 as a Consultant.

15. Throughout his employment with ESCL, Plaintiff was staffed by ESCL to a worksite in Los Alamos County, New Mexico.

16. Throughout his employment, ESCL paid Plaintiff the same hourly rate for all hours worked, including those in excess of 40 in a workweek (paid "straight time for overtime").

17. Plaintiff brings this action on behalf of himself and all similarly situated workers who were paid by ESCL's straight time for overtime pay plan. In paying these workers straight time for overtime, ESCL failed to pay them full overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA and NMMWA.

18. Plaintiff's consent to be a party plaintiff is attached as **Exhibit A.**

19. The proposed class of similarly situated workers to be certified under the FLSA is defined as:

> **All current and former employees of ESCL who were paid straight time for overtime in during the past three (3) years ("FLSA Collective Members").**

20. Pursuant to Rule 23, the class of employees Plaintiff seeks to represent under the NMMWA is defined as:

> **All current and former employees of ESCL who were paid straight time for overtime in New Mexico during the past three (3) years ("New Mexico Class Members").**

21. Collectively, the FLSA Collective Members and the New Mexico Class Members are referred to as the Putative Class Members.

22. The identities of the Putative Class Members can be readily ascertained from ESCL's records.

23. Defendant ESCL is a New Mexico corporation, headquartered in Albuquerque, New Mexico, and may be served through its registered agent for service of process: **Virginia D. Buckmelter**, 2100 Osuna NE, Suite 100, Albuquerque, NM 87113.

### IV.     ADDITIONAL FACTS

24. ESCL is a staffing company that provides recruitment services and personnel to energy and research entities.

25. To complete its business objectives, ESCL hires personnel (like Plaintiff) to perform services for its customers, to staff its worksites and further ESCL business interests in various locations nationwide, New Mexico among them.

26. For example, ESCL hired Plaintiff to provide services at a worksite for ESCL client N3B. This worksite is in Los Alamos, New Mexico.

27. Throughout Plaintiff's employment with ESCL, ESCL paid him on a straight time for overtime basis, wherein Plaintiff was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a day or week.

28. During his time with ESCL, Plaintiff regularly worked 10 hours or more nearly every day, for weeks on end.

29. Even after Plaintiff's scheduled shift ended, Plaintiff was required to be on standby and to report back to his worksite whenever an issue arose, frequently necessitating anywhere from 5 to 25 unscheduled hours per week.

30. Plaintiff is one of many workers that ESCL employed during the relevant time period.

31. ESCL employed many others like Plaintiff who were paid straight time for overtime by ESCL.

32. All of these ESCL employees are or were subjected to the same or similar illegal pay practice – ESCL's straight time for overtime pay plan – for similar work.

33. These individuals comprise the members of the proposed Putative Class.

34. During the past three years (the relevant period), like Plaintiff, the Putative Class Members worked for ESCL according to its straight time for overtime pay plan.

35. During the relevant period, the Putative Class Members were not paid full overtime for the hours they worked for ESCL in excess of 40 hours each week.

36. Like Plaintiff, the Putative Class Members regularly worked more than 40 hours each week,.

37. While exact job titles and job duties may differ, ESCL subjected the Putative Class Members to the same or similar illegal pay practices for similar work.

38. ESCL was in control of the work schedules of Plaintiff and the Putative Class Members.

39. Plaintiff's work schedule is typical of the Putative Class Members.

40. Plaintiff and the Putative Class Members were not employed on a salary basis and never received a salary for the work they performed for ESCL.

41. Instead, Plaintiff and the Putative Class Members received the same hourly rate of pay regardless of the number of hours or days they worked in a week, even when they worked more than 40 hours in a workweek.

42. Plaintiff and the Putative Class Members were employees of ESCL.

43. ESCL controlled Plaintiff's and the Putative Class Members' pay and determined the amount and type of compensation paid to Plaintiff and the Putative Class Members.

44. All of the Putative Class Members worked similar hours and were denied full overtime compensation as a result of the same illegal pay practice.

45. ESCL uniformly denied Plaintiff and the Putative Class Members full overtime pay for the hours they worked in excess of 40 hours in a single workweek.

46. The FLSA and NMMWA mandate that overtime be paid at one and one-half times an employee's regular rate of pay for hours worked in excess of 40 in any week. *See* N.M.S.A. § 50-4-22.

47. ESCL violated the FLSA and NMMWA because ESCL, via its broadly applied and illegal straight time for overtime pay plan, denied Plaintiff and the Putative Class Members of full and proper overtime pay for the hours they worked in excess of 40 in a single workweek.

48. ESCL knew Plaintiff and the Putative Class Members worked more than 40 hours in a week.

49. ESCL knew, or showed reckless disregard for whether, Plaintiff and the Putative Class Members were or were not exempt from the overtime provisions of the FLSA and NMMWA.

50. ESCL knew, or showed reckless disregard for, whether the Putative Class Members were entitled to overtime under the FLSA and NMMWA.

51. ESCL utilized a straight time for overtime pay plan despite clear and controlling law that states that Plaintiff and the Putative Class Members were ESCL's *non-exempt* employees.

52. Accordingly, ESCL's pay policies and practices blatantly violated (and continue to violate) the FLSA and NMMWA.

### V. CAUSE OF ACTION: FLSA VIOLATIONS

53. All previous paragraphs are incorporated as though fully set forth herein.

54. The FLSA Collective of similarly situated workers consists of:

> **All current and former employees of ESCL who were paid straight time for overtime in during the past three (3) years ("FLSA Collective Members").**

55. At all times hereinafter mentioned, ESCL was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

56. At all times hereinafter mentioned, ESCL was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

57. At all relevant times, ESCL has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

58. At all relevant times, ESCL has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof.

59. In each of the past 3 years, ESCL's annual gross volume of sales has exceeded $1,000,000 for at least the past 3 years.

60. During the respective periods of Plaintiff and the Putative Class Members' employment by ESCL, the Putative Class Members provided services for ESCL that involved interstate commerce for purposes of the FLSA.

61. ESCL uniformly applied its policy of paying the Putative Class Members, including Plaintiff, straight time for overtime without full overtime compensation.

62. ESCL applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

63. ESCL's uniform compensation scheme paying straight time for overtime with no overtime compensation for weeks in which these workers work over 40 hours is, in itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

64. By paying said Class Members straight time for overtime, ESCL violated (and continues to violate) the FLSA's requirement that it pay its employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

65. As a result of this policy, Plaintiff and the Putative Class Members did not and do not receive full overtime payment as required by the FLSA.

66. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined herein.

67. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of ESCL.

68. ESCL violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

69. In violating the FLSA, ESCL knowingly, willfully and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees full overtime compensation. 29 U.S.C. § 255(a).

70. ESCL knew or should have known its pay practices were in violation of the FLSA.

71. Because ESCL knew, or showed reckless disregard for whether, its pay practices violated the FLSA, ESCL owes these wages for at least the past three years.

72. The decision and practice by ESCL to not pay full overtime was neither reasonable nor in good faith.

73. Accordingly, Plaintiff and the Putative Class Members are entitled to full overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees, and costs.

### VI.   FLSA COLLECTIVE ACTION ALLEGATIONS

74. Plaintiff incorporates all preceding paragraphs.

75. Other similarly situated employees (the Putative Class Members, as defined herein) have been victimized by ESCL's straight time for overtime pay scheme, which is in willful violation of the FLSA.

76. ESCL's failure to pay full overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual Putative Class Members.

77. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

78. The specific job titles or precise job requirements of the various Putative Class Members do not prevent collective treatment.

79. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

80. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

81. Indeed, the Putative Class Members are non-exempt employees entitled to full overtime after forty (40) hours in a week.

82. ESCL has employed a substantial number of similarly situated workers within the three-year period preceding the filing of the instant lawsuit.

83. Upon information and belief, these Putative Class Members are geographically dispersed, residing and working in locations across the United States.

84. Because the Putative Class Members do not necessarily have fixed work locations, they may work in different states across the country in the course of a given year.

85. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and ESCL will retain the proceeds of its rampant violations.

86. Moreover, individual litigation would be unduly burdensome to the judicial system.

87. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

88. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined herein and notice should be promptly sent.

### VII.    CAUSE OF ACTION: NMMWA VIOLATIONS

89. Plaintiff incorporates all preceding paragraphs.

90. At all times hereinafter mentioned, ESCL was and is an employer within the meaning of the NMMWA. *See* N.M.S.A. § 50-4-1; *see also* N.M.S.A. § 50-4-21.

91. At all times hereinafter mentioned, ESCL was and is an enterprise in business within the meaning of the NMMWA.

92. Plaintiff brings this claim under the NMMWA as a Rule 23 class action on behalf of himself and others similarly situated.

93. The proposed New Mexico class of similarly situated workers consists of:

> **All current and former employees of ESCL who were paid straight time for overtime in New Mexico during the past three (3) years.**

94. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of ESCL.

95. At all relevant times, Plaintiff and each New Mexico Class Member have been "employees" within the meaning of the NMMWA. *See* N.M.S.A. § 50-4-21(c).

96. ESCL's conduct and application of its straight time for overtime pay plan violates the NMMWA. *See* N.M.S.A. § 50-4-22.

97. ESCL uniformly applied its policy of paying its Class Members, including Plaintiff, straight time for overtime.

98. ESCL applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or number of hours worked per week.

99. ESCL's practice of paying straight time for overtime, and in so doing, denying its employees full overtime compensation, violates the NMMWA.

100. ESCL's uniform compensation scheme paying straight time for overtime without full overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the NMMWA.

101. The NMMWA requires employers like ESCL to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 hours in any one week.

102. Plaintiff and each member of the New Mexico Class are entitled to full overtime pay under the NMMWA, for all hours worked in excess of forty (40) in a single workweek.

103. By paying its workers straight time for overtime, ESCL violated (and continues to violate) the NMMWA's requirement that it pays its employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

104. As a result of this policy, ESCL and the Putative Class Members did not and do not receive full overtime payment as required by the NMMWA.

105. ESCL violated the NMMWA by failing to pay Plaintiff and other class members full overtime premiums for hours worked over forty (40) per week.

106. In violating the NMMWA, ESCL acted willfully, without a good faith basis and with reckless disregard of clearly applicable New Mexico law.

107. Plaintiff and the New Mexico Class Members have suffered damages and continue to suffer damages as a result of ESCL's acts or omissions as described herein; though ESCL is in possession and control of necessary documents and information from which Plaintiff and the New Mexico Class Members would be able to precisely calculate damages.

108. Plaintiff and each member of the New Mexico Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

109. Plaintiff and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by ESCL, as provided by the NMMWA.

110. The proposed class of similarly situated employees under Rule 1-023 NMRA, i.e., the New Mexico Class, sought to be certified pursuant to N.M.S.A. § 50-4-26(d), is defined in the foregoing paragraphs herein.

111. The improper pay practices at issue were and are part of a continuing course of conduct, entitling Plaintiff and New Mexico Class Members to recover for all such violations, regardless of the date they occurred.

### VIII. CLASS ACTION ALLEGATIONS

112. All previous paragraphs are incorporated as though fully set forth herein.

113. Pursuant to the Rule 23, Plaintiff makes these class claims on behalf of all those who are (or were) similarly situated to Plaintiff.

114. Other similarly situated employees have been victimized by ESCL's patterns, practices, and policies, which are in willful violation of the NMMWA.

115. ESCL has employed numerous similarly situated employees, in New Mexico and elsewhere, within the three-year period preceding the filing of this lawsuit.

116. Plaintiff brings his NMMWA claims as a class action pursuant to Rule 1-023 NMRA on behalf of all similarly situated individuals employed by ESCL to work in New Mexico during the three-year period preceding the filing of the instant lawsuit, as is permitted by N.M.S.A. § 50-4-26(d).

117. Class action treatment of Plaintiff's NMMWA claim is appropriate because, as alleged below, all the Rule 23 class action requisites are satisfied.

118. The number of New Mexico Class Members is so numerous that joinder of all class members is impracticable.

119. Plaintiff is a member of the New Mexico Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

120. Plaintiff and his counsel will fairly and adequately represent the Putative Class Members and their interests.

121. Plaintiff's claims share common issues of law and fact with the claims of the proposed Class Members.

122. Class certification is appropriate under Rule 23 because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

123. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

124. Accordingly, the Class as defined in the foregoing paragraphs merits certification.

## IX. JURY DEMAND

125. Plaintiff demands a trial by jury.

## X. RELIEF SOUGHT

126. WHEREFORE, Plaintiff prays for judgment against ESCL as follows:

  a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Putative Class as defined in

  herein and requiring ESCL to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential FLSA Putative Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those FLSA Putative Class Members who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding ESCL liable for unpaid back wages due to Plaintiff (and those FLSA Putative Class Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Putative Class Members who have joined in the suit);

e. For an Order awarding the costs and expenses of this action;

f. For an Order awarding attorneys' fees;

g. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding the Plaintiff a service award as permitted by law;

i. For an Order granting such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| Date: September 12, 2022 | Respectfully submitted, |

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Alyssa J. White**
Texas Bar No. 24073014
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**